[Cite as *Ohio Patrolmen's Benevolent Assn. v. N. Ridgeville*, 2026-Ohio-2762.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

OHIO PATROLMEN'S BENEVOLENT ASSOCIATION

    Appellee

    v.

CITY OF NORTH RIDGEVILLE

    Appellant

C.A. No.    25CA012307

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    25-CV-214963

DECISION AND JOURNAL ENTRY

Dated: July 20, 2026

HENSAL, Judge.

{¶1}　The City of North Ridgeville appeals an order of the Lorain County Court of Common Pleas that granted the Ohio Patrolmen's Benevolent Association's ("OPBA") motion to compel arbitration. For the following reasons, this Court affirms.

I.

{¶2}　After the North Ridgeville Civil Service Commission ("CSC") removed a police officer's name from its promotion eligibility list, the OPBA filed a grievance with the City, arguing that the removal violated their collective bargaining agreement. When the City responded that it was not involved in the removal decision, the OPBA filed a motion to compel arbitration in the common pleas court. The City moved to dismiss the motion, arguing again that it was the independent CSC that made the decision, not the City. It also argued that there was no controversy between the City and the OPBA that could qualify as a grievance. The common pleas court determined, however, that the collective bargaining agreement expressly addressed the issue of

promotions and that the issue of whether the CSC's actions conflicted with the agreement met the definition of a grievance. It, therefore, granted the motion to compel arbitration. The City has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION TO DISMISS FINDING THE CIVIL SERVICE COMMISSION WAS A "DEPARTMENT" OF THE CITY OF NORTH RIDGEVILLE THEREBY PRECLUDING AN ADMINISTRATIVE APPEAL.

{¶3} In its first assignment of error, the City argues that the trial court incorrectly denied its motion to dismiss. It argues that the motion should be reviewed under Civil Rule 12(B)(6). It also argues that, because the CSC is a department of the City, the appropriate recourse would have been for the officer to file an administrative appeal of the CSC's decision. The common pleas court did not specifically address the City's motion in its entry, it only granted OPBA's motion to compel arbitration.

{¶4} Although captioned as a motion to dismiss, the City did not cite Rule 12(B)(6) in the filing it submitted in response to the motion to compel arbitration. It also did not argue that the OPBA's motion failed to state a claim upon which relief can be granted. Civ.R. 12(B)(6). Instead, the City's argument focused on whether there was a dispute between the parties that would qualify as a grievance to which the arbitration provision could apply. Arguing there was no grievance between the parties, the City requested that the OPBA's motion be "denied and/or dismissed."

{¶5} A litigant's failure to raise an issue in the trial court forfeits the litigant's ability to raise that issue on appeal. *Haynes v. Ally Financial Inc.*, 2025-Ohio-4356, ¶ 21 (9th Dist.), citing *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220 (1991). Upon review of the record, we conclude

that the City did not preserve its arguments that an administrative appeal was the appropriate recourse and that trial court should have dismissed the motion to compel arbitration under Rule 12(B)(6). The City's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE PARTIES' COLLECTIVE BARGAINING AGREEMENT MANDATES ARBITRATION OF THE CIVIL SERVICE COMMISSION'S REMOVAL OF AN OFFICER FROM THE PROMOTIONAL ELIGIBILITY LIST.

{¶6} In its second assignment of error, the City argues that the removal of an officer from the promotional eligibility list is not an issue that it agreed to arbitrate and that the mere fact that the issue is tangentially related to promotions does not mean that arbitration is required. Revised Code Section 2711.03(A) provides that "[a] party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement." "[T]he issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide[.]" *Ohio Patrolmen's Benevolent Assn. v. Munroe Falls*, 2008-Ohio-659, ¶ 13 (9th Dist.), quoting *Stinger v. Ultimate Warranty Corp.*, 2005-Ohio-2595, ¶ 9 (5th Dist.). If an issue presents a purely legal question, this Court's review is de novo. *Eagle v. Fred Martin Motor Co.*, 2004-Ohio-829, ¶ 11 (9th Dist.).

{¶7} According to the City, the facts are largely undisputed. In September 2024, the CSC scheduled a hearing to consider whether the officer should be removed from an existing promotional list because of his conduct. The OPBA responded to the CSC, explaining that the collective bargaining agreement does not provide a process by which the City may remove a name from the list. Nevertheless, after giving the officer an opportunity to address the CSC at the

hearing, it voted to remove his name from the list. The OPBA subsequently filed a grievance seeking to have the officer's name restored to the CSC's eligibility list. The City declined to respond to the grievance because it did not want to imply that it had participated in the decision or that it had authority over the CSC.

{¶8} Article 40.02 of the collective bargaining agreement provides that "[p]romotional vacancies shall be filled by a competitive examination, consisting of the following: (1) written examination (2) assessment center and (3) seniority points (maximum of 10)." Article 40.04 provides that "[c]andidates shall be ranked in order of the highest composite scores, with the promotion vacancy being filled by the highest scoring candidates." The OPBA argues that the officer's removal from the promotional list violated Article 40.02 because it means something other than the three listed criteria has been used to determine whether which officer should fill a vacancy and violated Article 40.04 because it allows someone who scored lower than the officer who was removed from the list to be promoted instead of that officer. The City, however, argues that the CSC's removal of a name from the eligibility list is completely different and independent from the collective bargaining agreement's promotion provisions. According to the City, because the CSC's removal of a name from the eligibility list is not expressly addressed in the agreement, it is not subject to the arbitration provision.

{¶9} Article 33.02 of the collective bargaining agreement defines a grievance as "a dispute or controversy arising from the misapplication or misinterpretation of only the specific and express written provisions of this Agreement." Article 34.01 provides that, if a grievance is unresolved after all the steps of the grievance procedure or because of a default of the City, the OPBA may submit the grievance to arbitration. Article 34.02, however, provides that an arbitrator "shall have no power or authority to . . . alter the specific terms of this Agreement . . . ."

**{¶10}** If a "contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Council of Smaller Enters. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 666 (1998), quoting *AT & T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). "The burden is on the party contesting arbitrability to demonstrate that the language in the collective bargaining agreement excludes a dispute from arbitration." *Stow Firefighters, IAFF Local 1662 v. Stow*, 2011-Ohio-1558, ¶ 6 (9th Dist.), quoting *Toledo Police Patrolman's Ass'n, Local 10 v. City of Toledo*, 127 Ohio App.3d 450, 458 (1998).

**{¶11}** Regardless of the exact relationship between the City and CSC, it does not appear in dispute that the City uses the promotional list created and administered by the CSC when the City decides which officers to promote. Under Article 40.02, the City is required to use certain criteria in its promotion decisions and the fact that it has delegated or allowed the CSC to administer or control some of the process does not relieve it of its obligations. Accordingly, upon review of the parties' collective bargaining agreement, we conclude that the City has not established that a dispute over the removal of an officer's name from the promotional eligibility list is excluded from arbitration. *See id.* The City's second assignment of error is overruled.

III.

**{¶12}** The City's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

BRIAN MORIARTY, Attorney at Law, for Appellant.

DANIELLE M. CHAFFIN, Attorney at Law, for Appellee.